UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM BETHEA,
         Plaintiff,

       v.                                  CASE NO. 3:13-cv-1450 (SRU)

CORRECTIONAL OFFICER ANGEL, ET. AL.,
         Defendants.

## INITIAL REVIEW ORDER

The plaintiff, William Bethea, currently incarcerated at Brooklyn Correctional Institution, filed this civil rights complaint *pro se* pursuant to 42 U.S.C. § 1983. He names Correctional Officer Angel, Counselor Biga, Unit Manager/Captain Lauray, Deputy Warden Doe, Warden Doe, Deputy Commissioner Doe and Commissioner Doe as defendants.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that on June 15, 2012, at Garner Correctional Institution, defendant Angel started to tell other inmates, including his cellmate, lies about him and that he was in jail for raping children and "telling on people."  Compl. at 5.  The plaintiff claims that he wrote to all of the other defendants and filed grievances at various times from June 15 to August 30, 2012, complaining about the conduct of defendant Angel, but none of the defendants responded to his letters or grievances.

On September 5, 2012, the plaintiff's cellmate assaulted him while he slept in his cell.  The plaintiff sustained bruises to his face and back.  A Connecticut Police Officer interviewed the plaintiff regarding the altercation with his cellmate.  The plaintiff's cellmate pleaded guilty to assaulting the plaintiff.

The plaintiff seeks monetary damages for emotional and physical injuries.  The request for monetary damages against the defendants in their official capacities is barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159 (1985)  (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacities); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).  All claims for monetary damages against the

defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The court concludes that the plaintiff has stated plausible claims of failure to protect and deliberate indifference to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (Eighth Amendment proscription against cruel and unusual punishment imposes a duty on prison officials to make reasonable efforts to ensure inmate safety which includes protection from "violence at the hands of other prisoners"); *Campbell v. Gardiner*, No. 12-CV-6003P, 2014 WL 906160, at *4 (W.D.N.Y. Mar. 7, 2014) (a claim for deliberate indifference to safety may lie where a corrections officer identifies an inmate as being an informant or a snitch in front of other inmates) (citing cases). Thus, those claims and the state law claim of intentional or negligent infliction of emotional distress shall proceed against the defendants in their individual capacities.

## ORDERS

The court enters the following orders:

(1)     The claims in the Complaint for money damages against the defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The Eighth Amendment deliberate indifference to safety and failure to protect claims and claims for negligent and/or intentional infliction of emotional distress shall proceed against defendants Angel, Biga and Lauray in their individual capacities.

(2)     Within twenty-one (21) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for defendants Counselor Biga, Unit Manager/Captain Lauray and Correctional Officer Angel and mail a waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address. On the thirty-fifth (35th) day after mailing, the Clerk shall report to

the court on the status of all waiver requests. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     The Clerk shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4)     Defendants Biga, Lauray and Angel shall file their response to the Complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(7)     The Court notifies the plaintiff that it is unable to serve the Complaint on the John Doe defendants because he has not identified those defendants by name. Accordingly, the Court will permit the plaintiff 60 days from the date of this order to conduct discovery and file a notice identifying the John Doe defendants by name. If the plaintiff fails to file a notice within the time specified, the claims against the Doe defendants will be dismissed without further notice from the Court pursuant to Rule 4(m), Fed. R. Civ. P. and the case will proceed only against defendants Angel, Biga and Lauray.

SO ORDERED at Bridgeport, Connecticut this 9th day of July 2014.

/s/ Stefan R. Underhill
STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE